UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAVON WEBSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00398 |
| | ) |
| CORE CIVIC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for alleged violation of civil rights (Doc. No. 1), a motion for appointment of counsel (Doc. No. 5), and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 8)[1] filed by Javon Webster, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee. As explained below, Plaintiff's application for leave to proceed IFP is well taken, but venue for this action more properly lies in the Western District of Tennessee, where the action will be transferred in the interest of justice and for the convenience of parties and witnesses.

## I. IFP APPLICATION

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 8) is **GRANTED**.

---

[1] This application was filed in response to the Court's deficiency order in this case (Doc. No. 7) but was construed by the Clerk's Office as part of a new case filing because Plaintiff submitted it in an envelope that also included copies of his Complaint and other filings. See Case No. 3:22-cv-00535 (opened July 15, 2022). By order entered July 26, 2022, the Clerk was directed to file Plaintiff's IFP application in the instant case and to administratively close Case No. 3:22-cv-00535. (Id., Doc. No. 6).

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case

falls within one of these three categories. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." Id. at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," id. at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because all Defendants to the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). Four of the seven Defendants—Dr. Stokes, NP Herron, HSA Sullivan, and Warden Hall—are alleged to reside in Whiteville, Hardeman County, Tennessee, where they are employed as Hardeman County Correctional Facility (HCCF) officials. (See Doc. No. 1 at 5–7.) Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). Plaintiff is presently incarcerated at HCCF, and while the Complaint makes reference to earlier, related issues that arose when he was incarcerated at the South Central Correctional Facility (located in this District), it is ultimately concerned with the provision of constitutionally inadequate medical care at HCCF, by HCCF medical providers. Although the three remaining Defendants—CoreCivic, its CEO Damon Hininger, and its Medical Director Yvonne Neau—are alleged to reside within the Middle District, these Defendants are sued for their role in approving or overseeing the insufficient care provided at HCCF, and in failing to respond to Plaintiff's grievances about his treatment at HCCF. (Doc. No. 1 at 9, 14, 18). In any case, it is clear that a substantial part of the events giving rise to the Complaint occurred in the Western

District, where Plaintiff is allegedly "being ignored on a daily basis by HCCF medical staff." (Id. at 12).

Though venue is not improper in this District, Section 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); see Burnett v. Caruso, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); see K-Tex, LLC v. Cintas Corp., 693 F. App'x 406, 408 (6th Cir. 2017). "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. Burnett, 2010 WL 1609256, at *2. Given the allegations concerning conditions at HCCF, and the residence in the Western District of both Plaintiff and the Defendants alleged to be most immediately responsible for addressing his medical needs, the Court in its discretion finds that transfer is appropriate under Section 1404(a).

### III. CONCLUSION

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. The screening of the Complaint under the PLRA and consideration of Plaintiff's motion for appointment of counsel (Doc. No. 5) will be taken up by the receiving court.

IT IS SO ORDERED.

*[signature]*
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE